Cecilia Elizabeth GARCIA–
CHACON, Petitioner,

v.

John ASHCROFT, U.S. Attorney
General, Respondent.

No. 02–70852.

INS No. A74–809–206.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 31, 2002.*

Decided Jan. 8, 2003.

Before SNEED, SKOPIL and FARRIS,
Circuit Judges.

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Cecilia Elizabeth Garcia–Chacon ("Gar-
cia") seeks review of the denial of her
applications for asylum and withholding of
removal. She contends that the Board of
Immigration Appeals ("BIA") erred by
finding that she could avoid future perse-
cution in her native country by locating
away from her persecutors. We deny the
petition for review.

DISCUSSION

Garcia established that she suffered po-
litical persecution in her native country,
Guatemala, thereby creating a "presump-
tion of a well-founded fear of future perse-
cution." See Cordon–Garcia v. INS, 204
F.3d 985, 990 (9th Cir.2000). The BIA
found, however, that Garcia's fear was not
well-founded because "the evidence estab-
lishes that she could avoid future persecu-
tion by relocating within Guatemala."

There is no question that asylum and
withholding of removal may be denied
when there is "evidence that a person
could safely move elsewhere in their home-
country." See id. at 991. Where past
persecution has been demonstrated, how-
ever, "the burden is placed on the INS to
show that it would be reasonable for [the
applicant] to relocate within the country."
Cardenas v. INS, 294 F.3d 1062, 1066 (9th
Cir.2002).

We agree with the BIA that there is
sufficient evidence in the record to demon-
strate that Garcia could safety return to
Guatemala if she located away from her
persecutors. Garcia testified that she
fears only for her daughter's safety if com-
pelled to return to Guatemala. She admit-

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

ted, however, that her daughter, who did not leave Guatemala, has never again been threatened or harmed. Moreover, although Garcia fears that her persecutors are "everywhere," a State Department report on conditions in Guatemala indicates that "only party leaders or high-profile activists generally would be vulnerable to such harassment and usually only in their home communities, making internal relocation a viable alternative...." Finally, the record shows that Garcia's persecutors were members of a minority party that lost its political power in Guatemala and likely lost its ability to track political opponents. Accordingly, Garcia could avoid future persecution by relocating within Guatemala.

PETITION FOR REVIEW DENIED.